UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 01-52-01 ML |
| | : | CR 01-54-01 ML |
| KEVELON DAVIS | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Kevelon Davis ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on August 7, August 20, and September 7, 2007. At the September 7, 2007, hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release as stated in the August 2, 2007, Violation Report.[1] Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, **I recommend that Defendant be sentenced to a term of imprisonment of fifteen (15) months to be followed by sixty (60) months supervised release.** As special conditions of supervised release, Defendant

[1] Although an Amended Supervised Release Violation Report dated August 17, 2007 ("Amended Report"), was filed, the Court was advised at the September 7, 2007, hearing of an agreement between the Government and Defendant. Pursuant to that agreement, Defendant agreed to waive a violation hearing and admit to the violation of supervised release as stated in the original August 2, 2007, Violation Report. See Tape of 9/7/07 Hearing. The Government, represented by Assistant U.S. Attorney Terrence Donnelly, agreed not to go forward with the Amended Report. See id. Accordingly, the Court deems the Amended Report as having been withdrawn.

is to spend the first three months of supervised release in an inpatient substance abuse treatment program as approved by the Probation Department. Upon release from this initial treatment program, Defendant shall participate in and satisfactorily complete a substance abuse counseling and treatment program, on an inpatient or outpatient basis, as approved by the Probation Department. Defendant also shall submit to periodic drug testing up to seventy-two drug tests per year as approved by the Probation Department.

**Background**

On August 21, 2001, Defendant appeared before United States District (now Chief) Judge Mary M. Lisi and pled guilty in case number CR 01-52-01 ML to one count of being a felon in possession of a firearm and in case number CR 01-54-01 ML to four counts of knowingly and intentionally distributing cocaine base. On November 9, 2001, Defendant appeared before Judge Lisi and was sentenced in case number CR 01-52-01 ML to seventy-seven (77) months imprisonment to be followed by three years of supervised release. As special conditions of that supervised release, Defendant was to participate in a drug treatment program and to submit to drug testing. A $100 special assessment was also imposed. In case number CR 01-54-01 ML, Judge Lisi sentenced Defendant to seventy-seven (77) months imprisonment on Counts 1-4 to be followed by a term of supervised release for three years on Counts 1-3 and five years on Count 4.[2] The sentences of imprisonment and terms of supervised release were to run concurrently with each other and also with the terms of imprisonment and supervised release imposed in case number CR 01-

[2] Counts 1-3 of case number CR 01-54-01 ML each charged Defendant with possessing five grams or less of a mixture and substance containing a detectable amount of cocaine base, a Class C felony. Count 4 of the indictment charged Defendant with possessing more than five grams of such mixture and substance, a Class B felony.

52-01 ML. As special conditions of supervised release, Defendant was to participate in a drug treatment program and to submit to drug testing. A $400 special assessment was imposed in this case.

Supervised release commenced on December 19, 2006, with an expiration date of December 18, 2011. On or about August 2, 2007, U.S. Probation Officer Clara M. King ("U.S.P.O. King") initiated a Petition for Warrant for Offender under Supervision (the "Petition"), alleging that Defendant had violated two standard conditions of his supervised release. See Petition at 1-2. In response to the Petition, Judge Lisi ordered the issuance of a warrant, see id. at 2, and on August 7, 2007, Defendant appeared on the warrant before this Magistrate Judge to answer to the Petition, see Docket.

**The Violation**

The Supervised Release Violation Report (the "Violation Report") alleges that Defendant has violated the following conditions of supervision in the manner indicated:

**Standard Condition: While on supervision, Defendant shall not commit another federal, state, or local crime. Defendant shall not illegally possess a controlled substance.**

On August 1, 2007, Defendant committed the offense of possession of cocaine in Providence, Rhode Island. At 12:30 a.m. on that date members of the Providence Police Department responded to 61 Pleasant Street in connection with a shooting. Upon arrival, they found Defendant lying on the floor with multiple gunshot wounds. The police were told that Defendant had been shot by a black male in a gold colored vehicle while Defendant was on the front steps of the residence. Defendant was transported to Rhode Island Hospital for five serious gunshot wounds to his back and right forearm. While being treated, hospital personnel observed a clear plastic bag containing

several smaller individually wrapped bags of suspected cocaine between his buttocks. Shortly thereafter, a member of the Providence Police Department's Narcotics and Organized Crime Unit responded, retrieved the suspected cocaine, and field tested it for the presence of cocaine. Defendant was placed in police custody and charged with possession of cocaine. He was released on personal recognizance and received a summons to appear in Sixth Division District Court on August 22, 2007. Defendant was discharged from Rhode Island Hospital on August 1, 2007.

**Standard Condition: While on supervision, Defendant shall refrain from any unlawful use of a controlled substance.**

On July 30, 2007, Defendant submitted a urine specimen which was positive for cocaine. The specimen was obtained during a home visit conducted by U.S.P.O. King. It was subsequently sent to Kroll Laboratory Specialists, Inc., for testing. On August 2, 2007, the Probation Department received the results, which indicated that Defendant's specimen was positive for cocaine.

**Travel**

On August 3, 2007, Judge Lisi ordered the issuance of a warrant for Defendant to appear to answer to the Petition. <u>See</u> Petition at 2. The warrant was executed, and Defendant appeared before this Magistrate Judge on August 7, 2007. At that time Defendant was advised of the Petition and of the grounds for the alleged violation. Defendant requested a two-week continuance, and the hearing was continued to August 20, 2007. On August 20th the matter was continued for an additional two weeks at the request of defense counsel. In requesting this additional time, defense counsel indicated that Defendant was prepared to admit that he had violated supervised release by possessing cocaine, but the Government had amended the grounds for the violation by alleging that Defendant possessed the cocaine with intent to distribute. Because this amendment increased the alleged

violation to a Grade A violation, defense counsel requested time to deal with this development.

On September 7, 2007, Defendant, both personally and through counsel, waived a violation hearing and admitted to the violation contained in the August 2, 2007, Violation Report. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After receiving sentencing recommendations from both the Government and the defense and also hearing from Defendant personally, the Court stated that it would take the matter under advisement and issue a report and recommendation. This is that Report and Recommendation.

## Law

### Statutory Provisions

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In case number CR 01-52-01 ML, the maximum term of supervised release is three years. A term of three years has already been imposed. Therefore, supervised release cannot be extended. In case number CR 01-54-01 ML, a five-year term of supervised release was previously imposed, but the statute Defendant violated on Count 4 authorizes a term of supervision of up to life. Therefore, the term can be extended without any limitation.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. However, a defendant whose term is revoked under this paragraph may not be required to serve more than two years in prison if the offense that resulted in the term of supervised release was a class C felony and may not be required to serve more than three years in prison if the offense that resulted in the term of supervised release was a class B felony. In case number CR 01-52-01 ML, Defendant was on supervision for a class C felony (felon in possession of firearm). Therefore, he may not be required to serve more than two years imprisonment upon revocation. In case number CR 01-54-01 ML, Defendant was on supervision for three class C felonies and one class B felony. Thus, he may not be required to serve more than three years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here three

years in case number CR 01-52-01 ML and life in case number CR 01-54-01 ML), less any term of imprisonment imposed upon revocation of supervised release.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense,[3] or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade B violation.

---

[3] The term "controlled substance offense" is defined in §4B1.2(b) of the U.S.S.G.

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b).

Pursuant to §7B1.3(a)(1) of the U.S.S.G., upon a finding of a Grade A or B violation, the court shall revoke supervised release. Since Defendant has committed a Grade B violation, the Court must revoke supervision.

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. However, neither provision applies to this matter.

According to §7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where

supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). In case number CR 01-52-01 ML, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation. In case number CR 01-54-01 ML, the authorized statutory maximum term of supervised release is life. Therefore, the Court may impose up to a life term of supervised release.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of IV at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for a Grade B violation with a criminal history category of IV, an imprisonment range of 12 to 18 months is warranted.[4]

Section 7B1.5(b) of the U.S.S.G. states that, upon revocation of supervised release, no credit shall be given toward

---

[4] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

any term of imprisonment ordered for time previously served on post-release supervision.

**Disposition**

**Recommendations By Government**

The Government recommended that Defendant receive concurrent eighteen month sentences on each case. The Government indicated that on case number CR 01-52-01 ML the eighteen months imprisonment should be followed by eighteen months supervised release and that on case number CR 01-54-01 ML it should be followed by sixty months supervised release. As a special condition of that supervised release, AUSA Terrence Donnelly recommended that Defendant participate in and satisfactorily complete inpatient and/or outpatient drug treatment, to include periodic testing up to seventy-two drug tests per year, as approved by the Probation Department.

**Defendant's Recommendation**

Defense counsel, Edward C. Roy, recommended that Defendant be given a sentence of twelve months and one day. Mr. Roy noted that Defendant had tested drug free for six months and that it was the death this summer of his younger brother which had caused Defendant to relapse. Mr. Roy also asked that if the Court felt compelled to follow the Government's recommendation of eighteen months incarceration that the last six months of that sentence be in drug treatment.

Defendant was given the opportunity to speak. He stated that he had been doing well, staying drug free, and working for six months for a mortgage company. Then the mortgage business dried up, and his younger brother died. Defendant began using drugs again. He stated that he needed and wanted help for his drug problem.

**Court's Statement to Defendant**

The Court advised Defendant that it wanted to review the

Presentence Investigation Report and consider further Defendant's record before making a recommendation. However, the Court stated that the sentence it would recommend would not be more than eighteen months or less than the twelve months and one day sought by Mr. Roy. The Court cautioned that it could decide to recommend the sentence of eighteen months as Defendant had already received the benefit of an agreement not to charge him with a Grade A violation.

**Court's Recommendation**

After reviewing the Presentence Report and considering further the circumstances giving rise to the instant violations, the Court concludes that a sentence of fifteen months is appropriate. The Court believes that a sentence of this length adequately takes into account the mitigating circumstances associated with the violation while still sending a clear message to Defendant that relapsing to drug activity has serious consequences.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be sentenced on Count 4 of case number CR 01-54-01 ML to a term of imprisonment of fifteen (15) months to be followed by a term of supervised release for sixty (60) months. On Counts 1-3 of that indictment I recommend that he be sentenced to a term of imprisonment of fifteen months to run concurrently with the term of imprisonment imposed on Count 4 and that there be no further term of supervised release as to Counts 1-3. On case number CR 01-52-01 ML, I recommend that Defendant be sentenced to a term of imprisonment of fifteen (15) months to be followed by a term of supervised release for twenty-one (21) months. The terms of imprisonment and supervised release imposed on case number CR 01-52-01 ML shall run concurrently with the terms of imprisonment

and supervised release imposed on case number CR 01-54-01 ML.

As a special condition of supervised release, Defendant is to spend the first three months of supervised release in an inpatient substance abuse treatment program as approved by the Probation Department. Upon release from the initial treatment program, Defendant shall participate in and satisfactorily complete a substance abuse counseling and treatment program, on an inpatient or outpatient basis, as approved by the Probation Department. Defendant shall submit to periodic drug testing up to seventy-two drug tests per year, as approved by the Probation Department.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 14, 2007